United States Bankruptcy Court
Southern District of Iowa

In re:                                                                Case No. 19-01704-als
Susan M. Thole                                                        Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0863-4    User: auto    Page 1 of 1    Date Rcvd: Jul 19, 2019
                        Form ID: 1ORDUT7i    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 21, 2019.
db          +Susan M. Thole,    210 E. Franklin Street #201,    Eldridge, IA 52748-1325

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                    TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 21, 2019                                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 19, 2019 at the address(es) listed below:
          H J Dane    on behalf of Debtor Susan M. Thole hjdane@hjdane.com,
           alizabeth@hjdane.com;elizabeth@hjdane.com;danehr85492@notify.bestcase.com
          United States Trustee    USTPRegion12.DM.ECF@usdoj.gov
          Wesley B Huisinga    wbh@shuttleworthlaw.com, whuisinga@ecf.axosfs.com;cam@shuttleworthlaw.com,
           brandy@shuttleworthlaw.com
                                                                                               TOTAL: 3

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA**
110 E. Court Avenue, Suite 300
Des Moines, Iowa 50309−2044
www.iasb.uscourts.gov

In the Matter of:         Case No. 19−01704−als7
Susan M. Thole

Debtor(s)

### ORDER REGARDING DUTIES OF DEBTOR(S) AND
### NOTICE REGARDING FAILURE TO ABIDE BY THIS ORDER

11 U.S.C sections 343 and 521 are applicable to this Chapter 7 case by operation of 11 U.S.C. section 103(a). Section 343 provides in part that **" [t]he debtor shall** appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title." Section 521 adds:

(a) **The debtor shall−−−**

    (1) file−−−

        (A) a list of creditors **(Matrix)**; and

        (B) unless the court orders otherwise−−−

            (i) a schedule of assets and liabilities **(Schedule A through H)**;
            (ii) a schedule of current income and current expenditures **(Schedule I and J)**;
            (iii) a statement of the debtor's financial affairs **(Statement of Financial Affairs)** and, if section 342(b) applies, a certificate−−−

                (I) of an attorney whose name is indicated on the petition as the attorney for the debtor **(Petition, Page 7)**, or a bankruptcy petition preparer signing under section 110(b)(1) **(Official Form 119)**, indicating that such attorney or the bankruptcy petition preparer delivered to the debtor the notice required by section 342(b); or
                (II) if no attorney is so indicated, and no bankruptcy petition preparer signed Official Form 119, of the debtor that such notice was received and read by the debtor **(Petition, Page 6)**;

            (iv) copies of all payment advises or other evidence of payment received within 60 days before the date of the filing of the peition, by the debtor from any employer of the debtor **(Pay Stubs; if not applicable, file a Declaration Re: No Employee Income Record)**;
            (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated **(Means Test)**; and
            (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12−month period following the date of the filing of the petition **(bottom portion of Schedule I, Page 2)**.

**NOTE: IT IS EXTREMELY IMPORTANT THAT THE DEBTOR(S) TIMELY FILE ALL OF THE ABOVE ITEMS BY THE 45TH DAY AFTER THE DATE OF THE FILING OF THE PETITION TO PREVENT THIS CASE FROM BEING SUBJECT TO AUTOMATIC DISMISSAL EFFECTIVE THE 46TH DAY AFTER THE DATE OF THE FILING OF THE PETITION IF A PARTY IN INTEREST REQUESTS THE COURT ENTER AN ORDER DISMISSING THIS CASE. WITH RESPECT TO THE 45TH DAY, RULE 9006(a) BUT NOT RULE 9006(f) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPLIES.**

 (2) if an individual debtor's schedules of assets and liabilities includes debts which are secured by property of the estate––

  (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

  (B) within 30 days after the first date set for the meeting of creditors under Section 341(a) or within such additional time as the court, for cause, within such 30 day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

  (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h);

 (3) if a trustee is serving in the case, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;

 (4) if a trustee is serving in the case, surrender to the trustee all property of the estate and any recorded information, including books, documents, records and papers, relating to property of the estate whether or not immunity is granted under section 344 of this title;

 (5) appear at the hearing required under section 524(d) of this title;

 (6) in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either––

  (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or

  (B) redeems such property from the security interest pursuant to section 722.

 –––

(b) In addition to the requirements under subsection (a), a debtor who is an individual shall file with the court––

 (1) a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor; and

 (2) a copy of the debt repayment plan, if any, developed under section 109(h) through the approved nonprofit budget and credit counseling agency referred to in paragraph (1).

**NOTE: FAILURE OF DEBTOR(S) TO FILE THE CERTIFICATE DESCRIBED ABOVE WILL RESULT IN THE TRUSTEE FILING A DOCKET TEXT MOTION TO DISMISS PURSUANT TO 11 U.S.C. SECTION 109(h) (ELIGIBILITY NOT ESTABLISHED DUE TO FAILURE TO FILE 11 U.S.C. SECTION 521(b)(1) CERTIFICATE OF CREDIT COUNSELING).**

(c) In addition to meeting the requirements under subsection (a), a debtor shall file with the court a record of any interest that a debtor has in an education individual retirement account (as defined in section 530(b)(1) of the Internal Revenue Code of 1986) or under a qualified State tuition program (as defined in section 529(b)(1) of such Code).

(e)(2)(A) The debtor shall provide–––

  (i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a

        Federal income tax return was filed; and

        (ii) at the same time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.

**NOTE: DEBTOR(S) SHALL NOT FILE THE ABOVE DESCRIBED COPY OF A PREPETITION RETURN OR TRANSCRIPT WITH THE COURT. RATHER, DEBTOR(S) SHALL TIMELY PROVIDE THE COPY DIRECTLY TO THE TRUSTEE. FAILURE TO DO SO MAY RESULT IN THE TRUSTEE FILING A DOCKET TEXT MOTION TO DISMISS PURSUANT TO 11 U.S.C. SECTION 521(e)(2)(A) AND (B) (FAILURE TO PROVIDE TAX RETURN TO TRUSTEE).**

(f) At the request of the court, the United States trustee, or any party in interest in a case under chapter 7, a debtor who is an individual shall file with the court––

    (1) at the same time filed with the taxing authority, a copy of each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) with respect to each tax year of the debtor ending while the case is pending under such chapter;

    (2) at the same time filed with the taxing authority, each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) that had not been filed with such authority as of the date of the commencement of the case and that was subsequently filed for any tax year of the debtor ending in the 3–year period ending on the date of the commencement of the case;

    (3) a copy of each amendment to any Federal income tax return or transcript filed with the court under paragraph (1) or (2).

**NOTE: DEBTOR(S) SHALL NOT FILE THE ABOVE DESCRIBED COPIES OF POSTPETITION RETURN(S) OR TRANSCRIPT(S) WITH THE COURT UNLESS AND UNTIL THE UNITED STATES TRUSTEE OR A PARTY IN INTEREST FILES A MOTION REQUESTING DEBTOR(S) TO DO SO. PARENTHETICAL NOTE: ON RARE OCCASION THE COURT ON ITS OWN MOTION MAY ORDER DEBTOR(S) TO FILE COPIES OF POSTPETITION RETURN(S) OR TRANSCRIPT(S).**

(g)(2) The tax returns, amendments, and statement of income and expenditures described in subsections (e)(2)(A) and (f) shall be available to the United States trustee, the trustee, and any party in interest for inspection and copying, subject to the requirements of section 315(c) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

(h) If requested by the United States trustee or by the trustee, the debtor shall provide––

    (1) a document that establishes the identity of the debtor, including a driver's license, passport, or other document that contains a photograph of the debtor; or

    (2) such other personal identifying information relating to the debtor that establishes the identity of the debtor.

    –––

Furthermore, Rule 4002 of the Federal Rules of Bankruptcy Procedure states:

(a) IN GENERAL. In addition to performing other duties prescribed by the Code and Rules, the debtor shall:

    (1) attend and submit to an examination at the times ordered by the court;

    (2) attend the hearing on a complaint objecting to discharge and testify, if called as a witness;

    (3) inform the trustee immediately in writing as to the location of real property in which the debtor has an interest and the name and address of every person holding money or property subject to the debtor's withdrawal or order if a schedule of property has not yet been filed pursuant to Rule 1007;

    (4) cooperate with the trustee in the preparation of an inventory, the examination of proofs of claim, and the administration of the estate; and

    (5) file a statement of any change of the debtor's address.

(b) INDIVIDUAL DEBTOR'S DUTY TO PROVIDE DOCUMENTATION.

    (1) *Personal Identification.* Every individual debtor shall bring to the meeting of creditors under section 341:

        (A) a picture identification issued by a governmental unit, or other personal identifying information that establishes the debtor's identity; and

        (B) evidence of social security number(s), or a written statement that such documentation does not exist.

    (2) *Financial Information.* Every individual debtor shall bring to the meeting of creditors under section 341 and make available to the trustee the following documents or copies of them, or provide a written statement that the documentation does not exist or it is not in the debtor's possession:

        (A) evidence of current income such as the most recent payment advice;

        (B) unless the trustee or the United States trustee instructs otherwise, statements for each of the debtor's depository and investment accounts, including checking, savings, and money market accounts, mutual funds and brokerage accounts for the time period that includes the date of the filing of the petition; and

        (C) documentation of monthly expenses claimed by the debtor when required by section 707(b)(2)(A) or (B).

    (3) *Tax Return.* At least 7 days before the first date set for the meeting of creditors under section 341, the debtor shall provide to the trustee a copy of the debtor's Federal income tax returns for the most recent tax year ending immediately before the commencement of the case and for which a return was filed, including any attachments, or a transcript of the tax return, or provide a written statement that the documentation does not exist.

    (4) *Tax Returns Provided to Creditors.* If a creditor, at least 14 days before the first date set for the meeting of creditors under section 341, requests a copy of the debtor's tax return that is to be provided to the trustee under subdivision (b)(3), the debtor shall provide to the requesting creditor a copy of the return, including any attachments, or a transcript of the tax return, or provide a written statement that the documentation does not exist at least 7 days before the first date set for the meeting of creditors under section 341.

Lastly, it should be noted that the Court is entering this Order and Notice pursuant to 11 U.S.C. section 105(a) that indicates:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

**FINAL NOTES: (1) THIS ORDER AND NOTICE DOES NOT CONTAIN AN EXHAUSTIVE LIST OF THE DUTIES OF INDIVIDUAL (CONSUMER) DEBTOR(S) IN A CHAPTER 7 CASE. CONSULT THE APPLICABLE PROVISIONS OF THE UNITED STATES BANKRUPTCY CODE AND THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR MORE DETAILS. FAILURE TO ABIDE BY THE VARIOUS DIRECTIVES CARRIES VARIOUS CONSEQUENCES. (2) REMEMBER TO REDACT ALL BUT THE LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER(S) AND TAXPAYER–IDENTIFICATION NUMBER(S) AND OTHER INFORMATION OUTLINED IN RULE 9037 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE. (THE CLERK OF COURT DOES NOT REDACT THE INFORMATION FOR YOU.)**

    **ACCORDINGLY, IT IS HEREBY ORDERED and NOTICED that:**

    **(1)** The Debtor(s) and, if represented by counsel, the Attorney for the Debtor(s) shall comply fully and timely with all the Bankruptcy Code sections and the Federal Rules of Bankruptcy Procedure, including the Rules, governing this Chapter 7 case. Failure to do so may result in this case being dismissed and may result in the imposition of court costs and appropriate sanctions. Furthermore, dismissal may be with prejudice pursuant to 11 U.S.C. section 109(g)(1).

**(2)** IF ALL THE ITEMS LISTED IN 11 U.S.C. SECTION 521(a)(1) HAVE NOT BEEN FILED BY THE 45TH DAY AFTER THE DATE OF THE FILING OF THE PETITION, ANY PARTY IN INTEREST MAY MAKE AN 11 U.S.C. SECTION 521(i)(2) REQUEST THAT THE COURT ENTER AN ORDER DISMISSING THIS CASE BY FILING A WRITTEN MOTION OR BY MAKING SUCH REQUEST DURING A HEARING AS REQUIRED BY RULE 9013 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE.

**(3)** If the Debtor(s) or the Attorney for the Debtor(s) should fail to abide by this Order and depending upon the circumstances and status of the case, the United States Trustee or the Chapter Trustee may file a motion to dismiss, a motion to compel, an objection to discharge or a complaint to revoke discharge.

**Entered on Docket
7/19/19**

Judge Anita L. Shodeen
United States Bankruptcy Judge